**Michael T. JONES, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 63A01–0209–CR–357.**

Court of Appeals of Indiana.

June 23, 2003.

Robert R. Faulkner, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SULLIVAN, Judge.

Appellant, Michael T. Jones, challenges the sentence imposed by the trial court after he pleaded guilty to Possession of Methamphetamine, a Class C felony.[1]

We affirm.

On December 21, 2001, two Indiana State Police troopers noticed a strong odor of ether emanating from a residence in rural Pike County. After obtaining a search warrant, the troopers entered the home and discovered an active methamphetamine laboratory. Jones, and two other individuals, were present in the home at the time of the search. Jones was arrested and subsequently charged on December 26, 2001, with dealing in methamphetamine, possession of a chemical reagent or precursors, possession of a controlled substance, illegal storage of anhydrous ammonia, and possession of marijuana. On May 21, 2002, the State filed an information charging Jones with a sixth offense, possession of methamphetamine over 3 grams, a Class C felony. On that same date, Jones entered into a plea agreement wherein he agreed to plead guilty to possession of methamphetamine as a Class C felony, and in exchange, the State moved to dismiss counts one through five without prejudice. The court granted the State's motion to dismiss and accepted Jones' guilty plea to possession of methamphetamine.

On June 27, 2002, the court held a sentencing hearing at which witnesses testified on Jones' behalf. At the conclusion of the hearing, the court sentenced Jones to eight years imprisonment at the Indiana Department of Correction, the maximum sentence for a Class C felony.[2] Jones now

---

1. Ind.Code § 35–48–4–6 (Burns Code Ed. Supp.2002).

2. *See* Ind.Code § 35–50–2–6 (Burns Code Ed. Repl.1998).

appeals his sentence, asserting that the trial court abused its discretion in considering an inappropriate aggravating factor and by failing to consider and apply the appropriate weight to the mitigating factors. Jones also asserts that the court's sentencing order is defective in that it is inconsistent with the court's oral sentencing statement.

■■■■ Sentencing decisions are within the sound discretion of the trial court. *Allen v. State*, 743 N.E.2d 1222, 1236 (Ind. Ct.App.2001), *trans. denied.* When a trial court imposes a sentence other than the presumptive sentence, we examine the record to ensure that the trial court explained its reasoning for selecting the imposed sentence. *Id.* at 1237. When a trial court deviates from the statutorily prescribed presumptive sentence, it must identify all of the significant mitigating and aggravating circumstances, state the reason why it considers each circumstance to be either mitigating or aggravating, and articulate the evaluation and balancing of these circumstances to determine whether an enhanced or reduced sentence is appropriate. *Id.*

In its oral sentencing statement, the court identified several aggravating factors listed under Ind.Code § 35–38–1–7.1 (Burns Code Ed. Supp.2002). The court first noted Jones' repeated involvement with the criminal justice system and found that such suggested that Jones would likely commit another crime. The court then referenced the pre-sentence investigation report and identified Jones' significant criminal history, which the court noted included seven misdemeanor convictions and three felony convictions. The court also considered the fact that Jones was on probation in two other cases at the time he committed the instant offense. The court then noted that leniency in sentencing for the prior offenses had been returned with further criminal activity by Jones. The court also identified as a mitigating circumstance that a sentence of imprisonment would impose a hardship on Jones' children. *See* I.C. § 35–38–1–7.1(c)(10).

In addition, we note that in its written sentencing order, the court noted that probation had proven to be wholly unsuccessful and that Jones would benefit from the penal atmosphere of the Department of Correction. *See* I.C. § 35–38–1–7.1(b)(3). The court also identified an additional mitigating factor, that Jones had pleaded guilty. The court stated, however, that it assigned minimal weight to this mitigator. Finally, the court indicated that it considered, as a discretionary factor, that "[i]mposition of less than an enhanced sentence would depreciate the seriousness of defendant's crime." Appendix at 15. *See* I.C. § 35–38–1–7.1(b)(4). Upon consideration of all of the factors, the court found in both its oral sentencing statement and in its sentencing order that the aggravating factors significantly outweighed the mitigating factors and thus, an enhanced sentence was appropriate.

■■ Jones asserts that while the court identified some mitigating factors and recited that it afforded them "minimal weight," the sentencing order as a whole demonstrates that the court assigned "absolutely no weight" to the mitigating circumstances and that, in and of itself, warrants reversal. Jones maintains that because the court dismissed the mitigating factors, its weighing of the factors was simply a perfunctory recitation of the statutory language. We do not agree with Jones' interpretation of the court's sentencing statement and order.

At the sentencing hearing, Jones' two

minor children[3] testified that Jones was their sole living parent as their mother had been killed in a car accident years before. The children further testified that they were living with their grandparents, but that their grandmother was not healthy. Jones maintains that the court ignored this unrefuted evidence that his incarceration would impose an undue hardship on his minor children. Jones claims that if he had been placed in a community corrections program, he would be able to work and provide for his two minor children.

■ At the conclusion of the testimony, the court noted that Jones' incarceration would impose a hardship upon his children. The court explained, however, that it gave "minimal weight" to this mitigator as such is a hardship which exists in every case where a defendant is sentenced to a term of imprisonment. The court found that Jones had not shown that his incarceration would impose an *undue* hardship upon his children. We do not conclude, as Jones claims, that the trial court dismissed this mitigating factor or assigned it no weight. To the contrary, it is clear from the record and the written sentencing order that the trial court considered the testimony presented at the sentencing hearing, but that it simply did not afford the mitigating factor the weight Jones believed it should have. A trial court is not obligated to weigh or credit the mitigating factors the way a defendant suggests they should be weighed or credited. *Georgopulos v. State,* 735 N.E.2d 1138, 1145 (Ind.2000). We cannot say that the trial court abused its discretion in affording this mitigating circumstance minimal weight.

■ Jones also challenges the trial court's finding in the written sentencing

order that he would "benefit from the penal atmosphere of the Department of Correction." Appendix at 16. Specifically, Jones asserts that the court failed to make specific findings as to why he required corrective or rehabilitative treatment which could best be provided by a penal facility. We disagree with Jones' assertion. In its sentencing statement and order, the trial court explained that leniency and past rehabilitative treatments had not deterred Jones from committing further crimes. This explanation is sufficient to support the trial court's finding that Jones would benefit from an extended period of incarceration. The trial court did not abuse its discretion in considering such in sentencing Jones.

■ Jones also takes issue with the court's consideration of the fact that "[i]mposition of less than an enhanced sentence would depreciate the seriousness of defendant's crime." Appendix at 15. *See* I.C. § 35–38–1–7.1(b)(4). Jones asserts that this factor cannot be considered absent any indication that the court was considering less than the presumptive sentence. *See Pickens v. State,* 767 N.E.2d 530, 533 (Ind.2002) (holding that trial court improperly considered "depreciating the seriousness of the crime" as an aggravator where no indication that court considered less than presumptive sentence); *Berry v. State,* 703 N.E.2d 154, 158 (Ind.1998) (holding that this factor can only be utilized to support a refusal to reduce the presumptive sentence and cannot support a sentence enhancement). Jones' view, however, is one of two ways in which the "depreciating the seriousness of the crime" aggravator can be used. Use of the aggravator has been upheld where the court uses the aggravator when focusing upon

---

**3.** Jones has three children. At the time of the sentencing hearing, his oldest son was incarcerated at the Department of Correction; his minor daughters were sixteen and thirteen years of age.

imposition of an *enhanced* sentence and where the prosecution seeks imposition of an enhanced term. *See Ajabu v. State,* 722 N.E.2d 339, 343 (Ind.2000).

 Here, the State argued that the maximum sentence should be imposed. Further, the court explicitly focused upon imposition of an enhanced sentence and that less than that would depreciate the seriousness of the crime. Given the forgoing, we cannot say that the trial court abused its discretion in considering this as an aggravator. *See id.* Having concluded that the court properly identified the aggravating and mitigating circumstances, adequately explained its reasons for finding the various aggravating and mitigating circumstances, and appropriately weighed the aggravating and mitigating circumstances, we cannot say that the trial court abused its discretion in sentencing Jones to the maximum term of eight years.

Finally, Jones asserts that the court's oral sentencing statement contradicts the sentencing order with regard to the possibility of Jones serving his sentence at the Wabash Valley Regional Community Corrections. Specifically, Jones asserts that at the sentencing hearing, the court found that the community corrections program was not at capacity, whereas the sentencing order states that the community corrections program was at capacity. Jones asserts that the sentencing order suggests that the court would have considered placing Jones in the community corrections program had it not been full.

Notwithstanding the contradictory statements as to whether the community corrections program was or was not at capacity, at the sentencing hearing the court was clear in stating, "This man goes to Department of Correction." Transcript at 25. Indeed, the court made this statement after finding that the community corrections program was not at capacity. The court's

sentencing statement demonstrates that the court did not even consider sentencing Jones to community corrections, but that it clearly found incarceration with the Department of Correction was appropriate.

The judgment of the trial court is affirmed.

BAKER and DARDEN, JJ., concur.