**Robert McNEW, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 73A01–0404–CR–176.

Court of Appeals of Indiana.

Feb. 25, 2005.

Timothy W. Oakes, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Robert McNew appeals the enhanced sentence he received for Aggravated Battery. Specifically, he asserts that his enhanced sentence violates the United States Supreme Court's recent decision in *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied*, because his Sixth Amendment right to have the facts supporting the enhancement of his sentence tried to a jury was violated. Because we find three valid aggravators that do not violate *Blakely*, we affirm the enhanced sentence.

### Facts and Procedural History

Although Dianne McNew and McNew divorced in 1997, the two maintained an on-again, off-again romantic relationship. One evening in March 2002, Dianne was getting ready for bed when McNew arrived at her door carrying beer and asked her if he could watch a game on her T.V. Dianne let him in to watch T.V., but she said that she was going to bed, asked him not to bother her, and left him alone in her living room.

A short time later, Dianne was awoken by increasingly loud noises coming from McNew in her living room. She yelled at him from her bedroom to be quiet and also went into the living room to ask him to stop making so much noise. After falling back asleep, Dianne was awoken by McNew's shouting again, only this time she noticed that he had an agitated, angry tone and was yelling incoherent phrases.

Dianne went to the living room and told him to leave. She then turned and picked up a cordless phone to take to her bedroom. As she attempted to go back to her bedroom, McNew jumped her from behind. Dianne attempted to dial 9-1-1, but McNew grabbed the phone, threw it across the room, and began beating Dianne. She was able to escape at one point and ran to her neighbor's house. Her neighbor took her to the hospital. Dianne suffered numerous injuries including kidney failure from being punched in the kidneys, two dislocated shoulders, a broken left arm, and multiple bruises.

McNew was charged with Aggravated Battery, a Class B felony;[1] Criminal Confinement as a Class B felony;[2] and Domestic Battery as a Class A misdemeanor.[3] The jury found him guilty as charged. At sentencing, the trial court declined to enter judgment of conviction on the Criminal Confinement and Domestic Battery counts, citing double jeopardy concerns under the Indiana Constitution. The court entered judgment on only the Aggravated Battery count. McNew received an aggravated sentence of sixteen years.[4] This appeal followed.

### Discussion and Decision

■ On appeal, McNew argues that his sentence was improperly enhanced. He re-

1. Ind.Code § 35–42–2–1.5(2).

2. Ind.Code § 35–42–3–3(a)(1), (b)(2)(B).

3. Ind.Code § 35–42–2–1.3.

4. The presumptive sentence for a B felony in Indiana is ten years to which up to ten years can be added for aggravating circumstances and from which four years can be subtracted for mitigating circumstances. Ind.Code § 35–50–2–5.

lies on the United States Supreme Court's recent *Blakely* decision and argues that his Sixth Amendment right to have a jury determine the facts supporting the enhancement of his sentence was violated. *Blakely* applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to a state sentencing scheme and found that it was unconstitutional. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536–38 (quoting *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348). The key to *Blakely* is whether the case involves "a sentence greater than what state law authorized on the basis of the verdict alone." *Id.* at 2538. The *Blakely* court observed that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537.

■ As an initial matter, we address the State's argument that *Blakely* does not apply to Indiana's sentencing scheme. This Court has held that Indiana's sentencing scheme is implicated by *Blakely*. *See Strong v. State*, 817 N.E.2d 256, 262 (Ind.Ct.App.2004), *aff'd on reh'g*, 820 N.E.2d 688 (Ind.Ct.App.2005) ("[I]nasmuch as Indiana's present sentencing procedure allows a trial court, without the aid of a jury, to enhance a sentence where certain factors are present, it violates a defendants Sixth Amendment right to have a jury determine all facts legally essential

to his or her sentence, pursuant to *Blakely*."). Therefore, this argument by the State must fail. Second, the State asserts that McNew waived any argument under *Blakely* because he did not make an objection at the time of sentencing. Our court recently rejected the States waiver argument. *See id.* at 258–61 (reasoning that the "statutory maximum" in the *Apprendi* decision is different than the "statutory maximum" in the *Blakely* decision and that a failure to object is not tantamount to a knowing, intelligent, and voluntary waiver under the Sixth Amendment).

At sentencing, the judge explained the aggravating factors as follows: (1) the imposition of a reduced or suspended sentence would depreciate the seriousness of the crime; (2) McNew's prior criminal record;[5] (3) the risk that he will commit another crime based on his prior criminal record;[6] and (4) the nature and circumstances of the crime, namely, the permanent nature and seriousness of Dianne's injuries. As mitigators, the trial court found that McNew had expressed remorse and that McNew was sincere in an offer to pay restitution to Dianne, even though he was not in a financial position to do so.

[3, 4] The first aggravator found by the trial court is that "the fact that imposition of a reduced or suspended sentence would depreciate the seriousness of the crime." Appellee's Br. p. 3. This aggravating factor is used "to support a refusal to reduce the presumptive sentence." *Leffingwell v. State*, 793 N.E.2d 307, 310 (Ind. Ct.App.2003). In other words, the so-called "depreciate the seriousness" aggra-

---

**5.** According to the Presentence Investigation Report, McNew's criminal history consists of one incident of possession of marijuana as a juvenile and a lengthy adult history of misdemeanors, including OWI, reckless driving, resisting law enforcement, intimidation, two convictions for battery, five convictions for public intoxication, and two convictions for disorderly conduct.

**6.** The Presentence Investigation Report showed that McNew's probation had been revoked four times.

vator is not, as the trial judge specifically recognized here, an aggravator to go above the presumptive sentence. *See* Tr. p. 460. Because this aggravator cannot be a justification for a sentence above the "statutory maximum," i.e., the presumptive sentence, its use does not implicate *Blakely* concerns. *See Ruiz v. State,* 818 N.E.2d 927, 928 (Ind.2004) (explaining that with a presumptive sentence there is no *Blakely* issue). *But see Wickliff v. State,* 816 N.E.2d 1165, 1167 (Ind.Ct.App.2004) (explaining that the aggravating factor that the imposition of a reduced or suspended sentence would depreciate the seriousness of the crime was exempt from *Blakely* because it was based on admissions by the defendant taken from the defendant's testimony), *trans. denied.*

As to the second aggravator, the trial court referenced McNew's prior convictions. These convictions have already been proven beyond a reasonable doubt and are thus exempt from the *Apprendi* rule as explained in *Blakely. See Blakely,* 124 S.Ct. at 2536. The third aggravator— the risk that, based on his criminal history, McNew will commit another crime—is derivative of the criminal history aggravator and does not implicate *Blakely. See Carson v. State,* 813 N.E.2d 1187, 1189 (Ind. Ct.App.2004).

We find that the fourth aggravator, the nature and circumstances of the crime, was improper under *Blakely* because it was based on facts neither found beyond a reasonable doubt by a jury nor admitted by the defendant. *See Berry v. State,* 819 N.E.2d 443, 456 (Ind.Ct.App.2004). In explaining his rationale for finding this aggravator, the judge explained:

> I certainly consider as in general terms the nature and conditions and circumstances of the crime and that's where I take into account the very, very serious and life threatening, and life changing

injuries that she had. She will live a shorter life because of the injuries that you gave her. She's not gonna live as long. I don't know if it's five years or ten years, and she'll live a less pleasant life as she gets older and has to deal with that ... kidney element, with that shoulder. We're all getting older. I'm sure you've got sore bones and muscles from your Army and boxing days. Her's [sic] are gonna come on earlier because of that beating.... I have taken into, again, account of the seriousness of the injuries as being a character or condition that you have, or that the, strike that, the nature and circumstances ... of the crime itself....

Tr. p. 457–58, 459. Clearly, the jury found by its verdict that McNew's actions "caused protracted loss or impairment of ... [Dianne's] shoulder...." Nothing in the jury's verdict and nothing admitted by McNew, however, established that Dianne's injuries were life-threatening or were such as to shorten her life or that Dianne's "sore bones and muscles" would manifest themselves earlier in the aging process because of the injuries McNew inflicted upon her. Thus, this aggravator was improper under *Blakely.*

Ultimately, a single aggravating circumstance is adequate to justify a sentence enhancement. *Powell v. State,* 769 N.E.2d 1128, 1135 (Ind.2002), *reh'g denied.* In this case, three aggravators do not run afoul of *Blakely* and one does. We find no error in McNew's enhanced sentence.

Affirmed.

NAJAM, J., concurs.

KIRSCH, C.J., concurs in result.