**Donald W. HEDGER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 66A03–0410–CR–448.**

Court of Appeals of Indiana.

March 23, 2005.

Transfer Denied May 12, 2005.

David A. Brooks, Lyons, Sullivan & Brooks, Valparaiso, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Donald W. Hedger appeals the sentence he received after he pled guilty to cruelty to an animal, a Class D felony.[1] He argues his sentence was inappropriate and the trial court failed to properly consider mitigating and aggravating[2] circum-

---

1. Ind.Code § 35–46–3–12(b).

2. The trial court found a number of aggravating circumstances. Hedger challenges only one—the finding he lacked remorse. Even a single aggravating circumstance may support the imposition of an enhanced sentence. *Bocko v. State,* 769 N.E.2d 658, 667 (Ind.Ct. App.2002), *reh'g denied, trans. denied* 783 N.E.2d 702 (Ind.2002). We therefore need not address this allegation of error.

Neither party addresses in its argument regarding aggravating circumstances the effect of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied* —— U.S. ——, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004), which our supreme court recently held impacts our sentencing scheme. *Smylie v. State,* 823 N.E.2d 679, 683 (Ind. 2005). In *Blakely,* the Supreme Court held the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence above the presumptive sentence assigned by the legislature. 124 S.Ct. at 2536.

stances. He contends the trial court should have followed the sentencing recommendation presented by the State.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 27, 2003, Hedger stabbed his three-year-old son's dog and cut its throat, resulting in the dog's death. Hedger entered into a plea agreement with the State that provided Hedger would serve eighteen months in the Pulaski County Jail. Hedger later moved to withdraw his plea agreement, which motion was granted. Several months later, Hedger again pled guilty. The State submitted an oral recommendation that Hedger receive eighteen months in the Pulaski County Jail with work release privileges.

At the sentencing hearing, the trial court found as aggravating factors that Hedger had a prior criminal history, there were two outstanding warrants for Hedger's arrest, there was a great risk Hedger would commit another crime, Hedger mutilated his three-year-old son's pet and killed the dog in front of his son, and he fled from the jurisdiction. The trial court found no mitigating circumstances and sentenced Hedger to three years in the Indiana Department of Correction.

## DISCUSSION AND DECISION

■ Hedger was sentenced to three years, the maximum for a Class D felony. *See* Ind.Code § 35-50-2-7(a). He first argues the sentence was inappropriate in light of his character and the nature of his offense. We disagree.

■ A sentence that is authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Kien v. State,* 782 N.E.2d 398, 416 (Ind.Ct.App.2003), *reh'g denied, trans. denied* 792 N.E.2d 47 (Ind.2003). When considering the appropriateness of the sentence for the crime committed, the sentencing court should focus initially on the presumptive sentence. *Id.* It may then consider deviation from the presumptive sentence based on a balancing of the factors that must be considered pursuant to Ind.Code § 35-38-1-7.1(a)[3] together with any discretionary ag-

The Court held "the fact of a prior conviction" is an exception to that rule. *Id.*

Hedger's criminal history included a 1995 conviction of possession of marijuana, a Class A misdemeanor; a 1998 conviction of auto theft as a Class D felony; a 1999 conviction of disorderly conduct, a Class B misdemeanor; a 2001 conviction of operating a vehicle with a BAC of .10 as a Class C misdemeanor; a 2004 conviction of conversion as a Class A misdemeanor; and two 2004 convictions of check deception as Class A misdemeanors. In addition, the court found the pattern of criminal activity suggested there is a "great" risk Hedger will commit additional crimes, (Sent. Tr. at 6), an aggravator we have held is proper because it is simply derived from the defendant's criminal history. *Bledsoe v. State,* 815 N.E.2d 507, 508 (Ind.Ct.App.2004), *trans. denied* 822 N.E.2d 983 (Ind.2004). Because the trial court took into account two aggravators that did not implicate *Blakely,* the sentence enhancement is justified. *Id.*

3. That section provides:
  (a) In determining what sentence to impose for a crime, the court shall consider:
    (1) the risk that the person will commit another crime;
    (2) the nature and circumstances of the crime committed;
    (3) the person's:
    (A) prior criminal record;
    (B) character; and
    (C) condition;
    (4) whether the victim of the crime was less than twelve (12) years of age or at least sixty-five (65) years of age;
    (5) whether the person committed the offense in the presence or within hearing of a person who is less than eighteen (18)

gravating and mitigating factors found to exist. *Id.*

Hedger told the pre-sentence investigator he was worried the dog would hurt his daughter and he did not kill the dog, someone else did. However, Hedger's son told his mother he saw Hedger kill the dog. The dog was stabbed in the side and its throat was slit. Hedger has a lengthy criminal history, with nine convictions ranging from auto theft to check deception. We cannot say the trial court's sentence was inappropriate in light of Hedger's character and the nature of his offense.

■ Hedger also argues the trial court failed to properly consider the mitigating circumstance he offered. Specifically, he contends the court should have found his guilty plea to be a mitigating factor. A guilty plea is not automatically a mitigating factor. *Gray v. State,* 790 N.E.2d 174, 177 (Ind.Ct.App.2003). Nor is a trial court obliged to weigh or credit mitigating factors the way a defendant suggests. *Jones v. State,* 790 N.E.2d 536, 540 (Ind.Ct.App.2003). Hedger did plead guilty, but only after he had withdrawn a prior guilty plea and fled the jurisdiction. He also told the pre-sentence investigator someone else killed the dog. The trial court did not err in declining to find Hedger's guilty plea was a mitigating circumstance.

■ Hedger argues the trial court should have accepted the State's oral sentencing recommendation. However, his guilty plea agreement included no specific sentence term. In that instance, the trial court was not bound to follow the State's oral sentence recommendation. *See Walk-*

*er v. State,* 420 N.E.2d 1374, 1378 (Ind.Ct. App.1981) (parties are free to negotiate a "nonbinding" sentence recommendation and rejection of an entire plea agreement is not mandatory when the trial court does not accept such "nonbinding" sentence recommendation).

Affirmed.

BARNES, J., and DARDEN, J., concur.

---

years of age who was not the victim of the offense;

(6) whether the person violated a protective order issued against the person under IC 31–15, IC 31–16, or IC 34–26–5

(or IC 31–1–11.5, IC 34–26–2, or IC 34–4–5.1 before their repeal); and

(7) any oral or written statement made by a victim of the crime.