**Boyd GILLEM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 29A02–0407–CR–544.

Court of Appeals of Indiana.

June 21, 2005.

Transfer Denied Aug. 25, 2005.

Teresa D. Harper, Bloomington, for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Boyd Gillem appeals the sentence imposed following his plea of guilty to two counts of causing death when operating a motor vehicle with a blood-alcohol content of .08 or greater, as class B felonies,[1] and one count of causing serious bodily injury when operating a motor vehicle with a blood-alcohol content of .08 or greater, as a class C felony.[2]

We affirm.

### ISSUES

1. Whether the trial court properly evaluated aggravating and mitigating circumstances.

2. Whether Gillem's sentence violates his constitutional rights as set forth in *Blakely v. Washington.*

3. Whether Gillem's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

### FACTS

On August 4, 2001, Gillem and his wife, Lisa, went to the Indianapolis Speedway, where they consumed several cans of beer. Before leaving, Gillem purchased a thirty-two ounce can of beer to drink on the way home. Gillem and his wife then headed home, with Gillem driving their Chevrolet Tahoe. Gillem failed to stop at a stop sign at the intersection of 276th Street and Anthony Road, in Hamilton County. Gillem was driving approximately fifty-five miles per hour. Gillem's vehicle struck the driver's side of a pick-up truck driven by Everett "Hal" Wallace. Hal's daughter, Patricia Butcher, and son-in-law, Larry Butcher, were passengers in the pick-up truck. Upon impact, the pick-up truck burst into flames. All three occupants of the pick-up truck sustained severe burns. Hal and Patricia later died from their injuries.

A blood-alcohol test showed that Gillem had a blood-alcohol content of .093 grams. On October 19, 2001, the State charged Gillem with two counts of causing death when operating a motor vehicle with a blood-alcohol content of .08 or greater; two counts of causing death when operating a motor vehicle while intoxicated; one count of causing serious bodily injury when operating a motor vehicle with a blood-alcohol content of .08 or greater; and one count of causing serious bodily

1. Ind.Code § 9–30–5–5.

2. Ind.Code § 9–30–5–4.

injury when operating a motor vehicle while intoxicated.

On or about April 1, 2004, Gillem and the State entered into a plea agreement. Gillem agreed to plead guilty to two counts of causing death when operating a motor vehicle with a blood-alcohol content of .08 or greater, as class B felonies, and one count of causing serious bodily injury when operating a motor vehicle with a blood-alcohol content of .08 or greater, as a class C felony. The plea agreement left the determination of the sentence within the trial court's discretion. The plea agreement also stipulated in pertinent part:

1) the sentences shall be run concurrent to one another in all respects;

2) the portion of the sentence which the Court orders to be executed may not exceed ten (10) years in the Department of Correction;

3) the portion of the sentence which the Court orders to be suspended shall not be limited, except by I.C. 35–50–2–5;

4) the Court may impose terms and condition of probation as the Court finds appropriate, but the term of probation shall not exceed three years[.]

(App.274–75).

The presentence investigation report showed that Gillem had three prior misdemeanor convictions for operating a motor vehicle while intoxicated in 1983, 1990, and 1999. Gillem received probation for all three convictions. As a condition of his 1999 conviction, Gillem received outpatient substance-abuse treatment and completed twenty-three sessions. The presentence investigation report also showed that Gillem received inpatient counseling for driving under the influence in 1989.[3]

The trial court held a sentencing hearing on May 27, 2004. During the sentencing hearing, Gillem, by counsel, stated that the counseling received in 1989 was outpatient, not inpatient, as reflected in the presentence investigation report. Gillem had no other additions or corrections to make to the presentence investigation report.

The trial court found the following aggravating circumstances: (1) a history of criminal activity; (2) the need for correctional or rehabilitative treatment best provided by commitment to a penal facility; (3) imposition of a reduced sentence would depreciate the seriousness of the crime; (4) one of the victims was seventy-four (74) yearsold; and (5) Gillem did not seek treatment, the proximity in time to Gillem's last offense and the risk of re-offending. The trial court found one mitigating circumstance: that Gillem appeared to be remorseful. The trial court then found that the aggravating circumstances outweighed the mitigating circumstance.

For each count of causing death when operating a motor vehicle with a blood-alcohol content of .08 or greater, the trial court sentenced Gillem to twenty (20) years, with ten (10) years suspended, and placed Gillem on probation for a period of three (3) years. For the count of causing serious bodily injury when operating a motor vehicle with a blood-alcohol content of .08 or greater, the trial court sentenced Gillem to eight (8) years. The trial court ordered the sentences to run concurrently.

### DECISION

1. *Aggravating and Mitigating Circumstances*

Gillem argues that the trial court considered improper aggravating circumstances, overlooked significant mitigating circumstances, and failed to balance the aggravating and mitigating circumstances.

---

3. The presentence investigation report, however, did not record a conviction in 1989.

When a trial court imposes a sentence based upon aggravating or mitigating circumstances, it must include in the record a statement of its reasons for selecting a particular sentence. I.C. § 35-38-1-3. The sentencing statement must include the following elements: (1) all significant aggravating and mitigating circumstances; (2) the reason why each circumstance is determined to be mitigating or aggravating; and (3) a demonstration that the mitigating and aggravating circumstances have been evaluated and balanced. *Harris v. State*, 824 N.E.2d 432, 440 (Ind.Ct.App.2005).

### A. Aggravating Circumstances

Gillem contends that the trial court considered improper aggravating circumstances.

Gillem argues that the trial court improperly found the need of correctional or rehabilitative treatment best provided by a penal facility to be an aggravating circumstance because the trial court was required to explain "*why* this is so and *why* a sentence in excess of the presumptive sentence is necessary." Gillem's Br. 7 (citing *Powell v. State*, 751 N.E.2d 311 (Ind.Ct.App.2001) (emphasis in original).

When a court identifies a defendant's need for correctional and rehabilitative treatment at a penal facility as an aggravating factor, it must "explain why the defendant requires treatment beyond the presumptive sentence." *Bailey v. State*, 763 N.E.2d 998, 1004 (Ind.2002). Here, the trial court noted that "the prior attempts of probation and court ordered counseling have been unsuccessful and the Court is unsure of exactly what will deter [Gillem] from this behavior except through penal incarceration." Tr. 85. Thus, Gillem's claim that the court failed to explain its reasoning for that aggravator lacks merit.[4]

Gillem also contends that the trial court erred in finding as an aggravating circumstance that imposition of a reduced sentence would depreciate the seriousness of the crime. This factor may be used to support a refusal to reduce the presumptive sentence. *Leffingwell v. State*, 793 N.E.2d 307, 310 (Ind.Ct.App.2003). Thus, it is an appropriate aggravator only where the trial court is considering a reduced sentence. *Thompson v. State*, 793 N.E.2d 1046, 1053 (Ind.Ct.App.2003). There is nothing in the record indicating that the trial court considered imposing a reduced sentence. Therefore, the trial court erred to the extent it used this factor to enhance Gillem's sentence.

### B. Mitigating Circumstances

Gillem contends the trial court failed to consider two mitigating circumstances: that he pled guilty and his incarceration would cause hardship to his family. The trial court must consider all evidence of mitigating circumstances presented by a defendant. *Sipple v. State*, 788 N.E.2d 473, 480 (Ind.Ct.App.2003), *trans. denied.* The finding of mitigating circumstances, however, rests within the sound discretion of the trial court. *Id.* The failure to find a mitigating circumstance clearly supported by the record may imply that the trial court overlooked the circumstance. *Id.* The trial court, however, is not obligated to consider "al-

---

4. We note that Gillem asserts that he voluntarily sought treatment prior to sentencing. However, the record does not reveal that Gillem sought treatment for alcohol abuse. Rather, he claims he quit drinking on his own and sought treatment for anxiety. Furthermore, Gillem claimed to have stopped drinking only seven months prior to the sentencing hearing, which was more than two years after his offense.

leged mitigating factors that are highly disputable in nature, weight, or significance." *Id.* Furthermore, the trial court need not agree with the defendant as to the weight or value to be given to proffered mitigating circumstances. *Id.*

■ Gillem contends that trial court erred by failing to consider his guilty plea. A guilty plea, however, is not automatically a mitigating factor, and a defendant is not entitled to have it weighed as he suggests. *Hedger v. State,* 824 N.E.2d 417, 420 (Ind. Ct.App.2005).

■ In this case, Gillem did not enter into a plea agreement until April of 2004, more than two years subsequent to his offense, and after Gillem filed numerous motions. Thus, the State spent significant time and resources on this case. Accordingly, the trial court did not abuse its discretion in according no weight to Gillem's guilty plea.[5] *See Gray v. State,* 790 N.E.2d 174, 177–80 (Ind.Ct.App.2003) (finding guilty plea not a significant mitigating circumstance where State reaped no substantial benefit and it did not save court's time).

■ Gillem further contends that the trial court erred by failing to consider the hardship Gillem's incarceration would impose on his family. The trial court noted that this case "is a tough situation for both families and there are losses to both families." Tr. 83. Thus, it appears that the trial court considered the hardship on Gillem's family but chose not to give it any weight. Furthermore, even the minimum executed prison term would inflict some financial hardship on Gillem's family. Accordingly, we find that the trial court

properly declined to give weight to this proffered mitigating circumstance. *See Battles v. State,* 688 N.E.2d 1230, 1237 (Ind.1997) (declining to attach any significant weight to proffered mitigating circumstance where enhanced sentence would not impose much, if any, additional hardship).

### 2. *Blakely v. Washington*

■ Gillem further asserts that, other than his criminal history, the aggravating circumstances found by the trial court violate *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The State argues, *inter alia,* that Gibson waived this argument because he did not raise it at sentencing. We disagree, and therefore, shall address Gibson's claim on the merits. *See Smylie v. State,* 823 N.E.2d 679, 690 (Ind.2005) (finding failure to raise Sixth Amendment objection to trial court does not constitute forfeiture of a *Blakely* issue for purposes of appellate review).

In *Blakely v. Washington,* the United States Supreme Court held that the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase the sentence for a crime above the presumptive sentence assigned by the legislature. Further, "the sort of facts envisioned by *Blakely* as necessitating a jury finding must be found by a jury under Indiana's existing sentencing laws." *Smylie,* 823 N.E.2d at 686.

■ In sentencing Gillem, the trial court found the following aggravating circumstances: (1) a history of criminal activity; (2) the need for correctional or re-

---

**5.** Gillem argues that the trial court should have considered his guilty plea because there is an issue of causation due to the pick-up truck's gasoline tank being defective. We find this argument unpersuasive. *See Micin-* *ski v. State,* 487 N.E.2d 150, 154 (Ind.1986) (finding State need not prove causal link between driver's intoxication and fact that injury resulted from his driving).

habilitative treatment best provided by commitment to a penal facility; (3) imposition of a reduced sentence would depreciate the seriousness of the crime; (4) one of the victims was seventy-four (74) years-old; and (5) Gillem did not seek treatment, and therefore, was at risk of re-offending, and the proximity in time to Gillem's last offense.

 Gillem concedes that the first aggravator, his criminal history, does not implicate *Blakely* as his prior convictions have been proven beyond a reasonable doubt. *Blakely*, 124 S.Ct. at 2536. We further find that the second aggravator does not implicate *Blakely* as it derives from Gillem's criminal history.[6] *See Teeters v. State*, 817 N.E.2d 275, 279 (Ind.Ct. App.2004), *trans. denied.* We also find that the trial court's assessment that Gillem is at risk of re-offending and the occurrence of the present offense so soon after his last offense does not violate *Blakely*. *See Abney v. State*, 822 N.E.2d 260, 268 (Ind.Ct.App.2005) (finding *Blakely* not implicated where trial court assessment of future behavior based on criminal history), *trans. denied.* The trial court also found that imposition of a reduced sentence would depreciate the seriousness of the crime. This factor, however, is not, as the trial judge deemed it, "an aggravator to go above the presumptive sentence." *McNew v. State*, 822 N.E.2d 1078, 1082 (Ind.Ct.App.2005). "Because this aggravator cannot be a justification for a sentence above the 'statutory maximum,' i.e., the presumptive sentence, its use does not implicate *Blakely* concerns." *Id.*

 As to the age of the victim, this aggravating circumstance was neither submitted to a jury nor admitted to by Gillem. Thus, the use of this aggravating circumstance to enhance Gillem's sentence did violate *Blakely*. *See Harris*, 824 N.E.2d at 441. Nonetheless, when the trial court improperly applies an aggravating circumstance, the sentence enhancement may still be upheld when other aggravating circumstances exist. *Bacher v. State*, 722 N.E.2d 799, 803 (Ind.2000). We find the trial court properly found three aggravating circumstances.

 Gillem further argues that the trial court failed to balance the aggravating and mitigating circumstances. Gillem's Br. 10. The trial court indicated in its written sentencing order and at the sentencing hearing that the aggravating factors outweighed the mitigating circumstances. Thus, Gillem's argument lacks merit.

3. *Inappropriate Sentence*

 Gillem contends that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B). A sentence, which is authorized by statute, will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Matshazi v. State*, 804 N.E.2d 1232, 1240 (Ind.Ct.App.2004), *trans. denied.* The "nature of the offense" refers to the statutory presumptive sentence for the class of crimes to which the offense belongs. *Pennington v. State*, 821 N.E.2d 899, 903 (Ind. Ct.App.2005). Thus, the presumptive sentence is meant to be the starting point for the trial court's consideration of the appropriate sentence for the particular crime or crimes committed. *Id.* The "character of the offender" refers to the sentencing con-

---

**6.** The trial court explained that Gillem needed correctional or rehabilitative treatment because "prior attempts of probation and court ordered counseling have been unsuccessful and the Court is unsure of exactly what will deter [Gillem] from this behavior except through penal incarceration." Tr. 85.

siderations in Indiana Code section 35–38–1–7.1, which contains general sentencing considerations, as well as consideration of aggravating and mitigating circumstances, and other factors within the court's discretion. *Id.*

Here, the trial court sentenced Gillem to the maximum sentence of twenty years for both class B felony convictions and eight years for the class C felony conviction, to run concurrently. The trial court also suspended ten years for both class B felony convictions. Gillem now challenges the trial court's assessment of his remorse, his guilty plea, and the hardship his incarceration will cause. Gillem also implies that he is not the worst offender because his blood-alcohol content was .093.

■ As to the nature of Gillem's offense, the record shows that Gillem had some beers the afternoon of August 4, 2001, and purchased a beer to drink while he drove home. After running a stop sign, Gillem's vehicle impacted with Hal's pick-up truck, causing the pick-up truck to burst into flames. Consequently, Hal, Patricia and Larry suffered severe burns. After undergoing medical treatment, including amputations, Patricia and Hal succumbed to their injuries. Given these facts and that the trial court found aggravating and mitigating circumstances and weighed them, we find that the trial court properly considered the nature of the offense when enhancing Gillem's sentence.

■ As to Gillem's character, Gillem had several prior convictions for driving under the influence of alcohol, one of which was only one year before the current offense. Furthermore, Gillem did not seek formal treatment for his use of alcohol. Based upon all of the above, we find that both the nature of the offense and the character of the offender support an enhanced sentence.

Affirmed.

MAY, J., concurs.
BARNES, J., concurs in result.