**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Sep 18 2013, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CARLOS LAMONTE MINOR, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 45A05-1302-CR-85 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1202-MR-1

**September 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

During an argument, Carlos Lamonte Minor shot and killed David Norwood. Minor was charged with murder, but ultimately pled guilty to voluntary manslaughter. His plea agreement called for a maximum sentence of twelve years. The trial court found two aggravating factors – the nature and circumstances of the crime and Minor's criminal record – and imposed a sentence of twelve years. On appeal, Minor argues that his sentence is inappropriate in light of his character and the nature of the offense. Minor shot Norwood outside of his home, and his son discovered his body. Minor has six prior convictions, two of which were gun-related. In light of these facts, Minor has not persuaded us that his sentence is inappropriate. Therefore, we affirm.

**Facts and Procedural History**

On February 4, 2012, Minor was charged with the murder of Norwood. On December 3, 2012, Minor entered a plea agreement in which he agreed to plead guilty to an amended charge of voluntary manslaughter, a class B felony, and the State agreed to dismiss the murder charge. The parties agreed to a sentencing cap of twelve years.

The stipulated factual basis, along with facts elicited at the sentencing hearing, reflect that Minor and Norwood had not previously known each other, but had gone out on February 1, 2012, with mutual friends. The two men had not gotten along. Minor later dropped Norwood off in front of his home. Norwood exited the vehicle, but then returned, opened one of the rear doors, and confronted Minor about insults he had made earlier in the day. A verbal and physical altercation ensued that ended with Minor shooting and killing Norwood.

2

Minor's father testified that Minor helps take care of his ailing mother. Minor has five children, and he was working to fix up a house so he and his children and his girlfriend could live together. Minor's father also indicated that in 2006, Minor was injured at work when part of a machine fell on his head. As a result, Minor lost his vision in one eye and had to have reconstructive surgery on his face. Minor received worker's compensation for a while and ultimately was paid a settlement. Minor made a statement in which he apologized to Norwood's family, his own family, and the court. He also indicated that he thought Norwood had a weapon because he had seen Norwood with one earlier in the day.

Ava Shepard, Norwood's mother, testified that she was also in poor health and that Norwood had been her "most supportive person." Tr. at 17. Norwood left behind seven children, one of whom he never got to see because she was born after his death. One of his children was the first person to discover Norwood's body. His youngest son, who was less than two years old at the time of Norwood's death, was so distraught that the family had a difficult time getting him to eat for about seven months.

The presentence investigation report indicates that in 1997, Minor was convicted of theft and possession of a firearm on school property. Minor received a suspended sentence, which was later revoked. In 2001, Minor pled guilty to reckless driving. He again received a suspended sentence that was later revoked. Also in 2001, he was charged with "Gun No Permit, Misdemeanor," for which he received "6 months conditional discharge," and the charge apparently did not result in a conviction. Appellant's App. at 60. In 2002, he was convicted of operating while intoxicated. In 2004, he was convicted of carrying a handgun

without a license. In 2008, he was convicted of criminal trespass. He received a suspended sentence, which was later revoked.

The trial court found no mitigating circumstances. The trial court found two aggravating circumstances:

> 1. The nature and circumstances of the crime, in that the defendant killed the victim in front of the victim's home and in the presence of his family.
>
> 2. The defendant has a criminal history of crimes involving guns and violence.

*Id*. at 51. The court sentenced Minor to twelve years in the Department of Correction. Minor now appeals.

**Discussion and Decision**

Indiana Appellate Rule 7(B) states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State*, 829 N.E.2d 572, 588 (Ind. Ct. App. 2005) (internal citation and quotation marks omitted), *trans. denied*, *cert. denied* (2006). The defendant bears the burden of persuading the appellate court that the sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

As to his character, Minor notes that he supports his children, is working at making a home for them, and also helps his mother. He had been gainfully employed until his work

4

injury, and he hopes to continue to earn money by refurbishing homes. Minor also points out that he pled guilty and apologized for his actions. He argues that his prior criminal record is distant and unrelated to the current offenses.

The trial court heard Minor's apology and observed his demeanor, yet did not make any finding that he was remorseful. We are in a poor position to determine that his remorse was sincere. *See Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004) (trial court is in best position to evaluate defendant's remorse because it has the ability to observe the defendant). The plea agreement was entered on the day that Minor's case was scheduled to go to trial, so his guilty plea did not save the State substantial time or expense. *See Gillem v. State*, 829 N.E.2d 598, 605 (Ind. Ct. App. 2005) (guilty plea may not be a significant mitigating factor when it does not save the State time and resources), *trans. denied*. In addition, he received a substantial benefit. *See Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008) (guilty plea may not be a significant mitigating factor when defendant receives a substantial benefit in exchange for the plea). The offense of murder carries a sentence of forty-five to sixty-five years. Ind. Code § 35-50-2-3. His plea agreement capped his sentence at twelve years, which is only two years above the advisory sentence for a class B felony. *See* Ind. Code § 35-50-2-5 (sentencing range for a class B felony is six to twenty years, with an advisory sentence of ten years).

Minor has six prior convictions. While he argues that the most serious offenses are distant in time, he has never gone more than five years without committing a new offense. Although it is not clear from the presentence investigation report whether any of his previous

5

crimes involved violence, we note that two of his convictions are for gun-related offenses, which demonstrates a cavalier attitude toward the use of guns. Furthermore, he has been shown leniency in the past by being given a suspended sentence; however, he has had three different suspended sentences revoked.

We acknowledge Minor's employment history and the fact that his family may suffer hardship while he is in prison; however, he caused similar hardship to Norwood's family. Norwood also had an ailing mother and seven children, one of whom will never have the opportunity to know her father.

As to the nature of the offense, Minor argues that he was afraid that Norwood was armed; however, the only evidence of this was Minor's unsworn statement during the sentencing hearing. Once again, we are in a poor position to determine his credibility. As noted by the trial court, Minor killed Norwood outside his home, where he was discovered by his son, a horrific thing for a young boy to experience. For the foregoing reasons, Minor has not persuaded us that a sentence slightly above the advisory is inappropriate in light of his character and the nature of the offense. Therefore, we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.