**Leon R. LEFFINGWELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 27A02–0304–CR–325.**

Court of Appeals of Indiana.

Aug. 19, 2003.

---

James A. McKown, Marion, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Leon R. Leffingwell, challenges the sentence imposed by the trial court. Specifically, Leffingwell claims that the trial court considered improper aggravating factors, failed to properly weigh the aggravating and mitigating factors, and imposed a manifestly unreasonable sentence.[1]

We reverse and remand for resentencing.

The record reveals that on April 15, 2002, C.K., Leffingwell's ten-year-old stepdaughter, told her teacher that Leffingwell had sexually abused her. C.K. indicated that Leffingwell had touched and licked her vagina. C.K. further stated that Leffingwell had showed her his penis and had once forced her to touch it. The State subsequently charged Leffingwell with six counts of Child Molesting, as Class C felonies.[2] Following a jury trial, Leffingwell was convicted of one count of Child Molesting, as a Class C felony. After conducting a sentencing hearing, the court identified several aggravating and mitigating factors, and sentenced Leffingwell to eight years incarceration, the maximum allowable sentence for a Class C felony.[3]

■ Sentencing decisions lie within the sound discretion of the trial court and are reviewed only for an abuse of that discretion. *Powell v. State*, 751 N.E.2d 311, 314 (Ind.Ct.App.2001). When imposing an enhanced sentence, a trial court is required to state its specific reasons for doing so. *Id.* The trial court's sentencing statement must: (1) identify significant aggravating and mitigating circumstances, (2) state the specific reason why each circumstance is aggravating or mitigating, and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators. *Id.* at 314–15. The trial court is responsible for determining the appropriate weight to give aggravating and mitigating circumstances. *Id.* at 315.

■ Here, Leffingwell claims that the trial court improperly considered two circumstances as aggravating. The first aggravator complained of by Leffingwell was the impact of the crime upon the victim's family. Under normal circumstances, the impact upon family is not an aggravating circumstance for purposes of sentencing. *Bacher v. State*, 686 N.E.2d 791, 801 (Ind. 1997). The impact upon others may qualify as an aggravator in some situations, but

---

1. On July 19, 2002, our Supreme Court amended Appellate Rule 7(B), effective January 1, 2003, to read, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The rule is directed to the reviewing court and sets forth the standard for that review. That review is made as of the date the decision or opinion is handed down. Accordingly, although the sentence here was imposed prior to January 1, 2003, our review has taken place as of this date and the inappropriate test is therefore applied. *See Kien v. State*, 782 N.E.2d 398, 416 n. 12 (Ind.Ct.App.2003), *trans. denied.*

2. Ind.Code § 35–42–4–3 (Burns Code Ed. Repl.1998).

3. *See* Ind.Code § 35–50–2–6 (Burns Code Ed. Repl.1998).

the defendant's actions must have had an impact of a destructive nature that is not normally associated with the commission of the offense in question and this impact must be foreseeable to the defendant. *Id.* Leffingwell argues that such is not the situation in the present case.

The State claims that the trial court was not identifying impact upon family as an aggravating circumstance, but was simply considering the impact imprisonment would have upon Leffingwell and his dependents. The relevant portion of the trial court's oral sentencing statement reads as follows:

> "Imprisonment of the defendant will result in undue hardship to himself or his dependents. Defendant has an eleven-year-old from a previous marriage and a three-year-old daughter from his current wife.... There is no doubt that that is a mitigator and that imprisonment of the defendant will result in undue [sic] to himself and his children, there's no doubt. There are a lot of victims in this case. [C.K.], her brothers and sisters, her father, her mother, their family, and Leon and his father and mother, and their entire family, are all victims." Transcript at 627–28.

We cannot agree with the State that the trial court was simply considering the impact imprisonment would have upon Leffingwell and his dependents. The trial court was clearly considering the impact of Leffingwell's crime upon the family of the victim and others, and there is no indication that many of these people were dependent upon Leffingwell. Nor did the trial court explain how Leffingwell's actions had

an impact of a destructive nature that is not normally associated with the commission of the offense of child molesting, or how this impact was foreseeable to Leffingwell. *See Bacher*, 686 N.E.2d at 801. To the extent that the trial court did consider such as an aggravator, it was improper.

■■■ Leffingwell next complains that the trial court improperly considered as an aggravating factor that imposition of a reduced sentence would depreciate the seriousness of the crime. This aggravating factor is used to support a refusal to reduce the presumptive sentence. *Id.* Leffingwell claims that there was no indication that the trial court was considering imposing less than the presumptive sentence. The State claims that the trial court's recognition that imprisonment would be a hardship on Leffingwell's family, and witnesses who testified that Leffingwell would abide by probation terms indicate that the trial court was considering imposition of a sentence less than the presumptive. We cannot agree. The State points to nothing in the record, nor can we find anything, which indicates that the trial court itself was considering imposition of a reduced sentence of less than the presumptive four years. Therefore, it was improper for the trial court to have considered such as an aggravating factor. Leffingwell does not challenge the validity of the remaining aggravators found by the trial court.[4]

■■■ Leffingwell next claims that the trial court improperly balanced the aggravating factors with the three mitigators found to exist by the trial court: (1)

---

4. We note that in its brief, the State claims that the trial court found as an aggravating factor that "Leffingwell has a history of criminal or delinquent activity, specifically a prior arrest for possession of marijuana and possession of paraphernalia." Appellee's Brief at 4. This is inaccurate. The trial court, after going over Leffingwell's criminal history, specifically stated, "I will give that no weight at all." Transcript at 624. Moreover, the trial court specifically found that, given Leffingwell's minor criminal history, that "[h]e was law abiding for most of his life, and *that is a mitigator.*" *Id.* at 627 (emphasis supplied).

that Leffingwell has no serious prior criminal history, (2) that imprisonment would be an undue hardship upon Leffingwell's family, and (3) that he has the unwavering support of his family and friends. However, a trial court is not obligated to weigh or credit the mitigating factor the same as the defendant requests. *Highbaugh v. State,* 773 N.E.2d 247, 252 (Ind.2002). Also, one aggravator is sufficient to support the enhancement of a sentence. *Buchanan v. State,* 699 N.E.2d 655, 657 (Ind. 1998).

█ Be that as it may, given that we have determined that two of the aggravators relied upon by the trial court were improper, we cannot conclude with any degree of certainty that the trial court would have imposed the same sentence had it not considered these factors. We therefore remand this cause with instructions for the trial court to resentence Leffingwell in light of our holding. *See Bluck v. State,* 716 N.E.2d 507, 515 (Ind.Ct.App. 1999). Because of this, we need not now determine whether Leffingwell's sentence was inappropriate. *See id.* at 516.

Although the judgment of conviction is affirmed, the judgment imposing sentence is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.

BAKER, J., and DARDEN, J., concur.