Craig W. GLASS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 40A01–0307–CR–243.

Court of Appeals of Indiana.

Jan. 13, 2004.

John T. Roche, Vernon, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Craig W. Glass appeals his sentence for Class B felony dealing in methamphetamine.[1] We affirm.

1. Ind.Code § 35-48-4-1.

2. In summarizing the first of his two issues, Glass characterizes his sentence as "manifestly unreasonable." We first observe that the proper scope of appellate review is determining whether "the sentence is *inappropriate* in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (effective January 1, 2003) (emphasis added). We further observe that notwithstanding Glass's use of the phrase "manifestly unreasonable," his argument focuses on the trial court's consideration and balancing of aggravating and mitigating circumstances,

### Issue

Glass presents two issues, which we consolidate and restate as whether the trial court abused its discretion in considering and balancing aggravating and mitigating circumstances at sentencing.[2]

### Facts and Procedural History [3]

On April 21, 2003, Glass pleaded guilty to the knowing possession of less than three grams of methamphetamine with intent to deliver, a Class B felony. At the sentencing hearing on May 13, 2003, North Vernon Police Department Patrolman Randall Miller testified that when he searched Glass's girlfriend's trailer, where Glass and her teenage children also resided, he found a methamphetamine lab in the kitchen and a tank of anhydrous ammonia directly underneath the children's bedroom. Glass testified that he began using methamphetamine after his father died in the summer of 2002 and received a gram of methamphetamine for helping his drug supplier and an accomplice assemble a methamphetamine lab in his girlfriend's trailer. Glass admitted to having been "[p]retty methed up" when police stopped his vehicle on his way to the store and found the methamphetamine. Tr. at 23. Glass then cooperated in the prosecution of his supplier and the accomplice.

The trial court sentenced Glass as follows:

rather than on the nature of his offense and his character. Consequently, we do not address Glass's "manifestly unreasonable" claim.

3. Glass has failed to file an appellant's appendix pursuant to Indiana Appellate Rule 49(A). The State opines, and we agree, that the issues Glass raises may be "addressed relying solely on the transcript of the sentencing hearing." Appellee's Br. at 1 n. 2. Nevertheless, we admonish Glass's counsel to comply with the rules of appellate procedure in future cases.

Mr. Glass, when you pled guilty back in late April, I'm sure that Mr. Roche had explained to you and I was careful to explain to you what the possible penalties are for this crime. Six years to twenty years, with the presumptive sentence being ten years. Because of your prior felony, it was explained to you then that the six year part is a given and it can't be suspended. So, really what we're here to talk about today, is what do we do over and above that. And the reason that we have sentencing hearings is so that both sides can present evidence to the Court that they think justifies either a higher sentence than ten years or a lower sentence than ten years. And the General Assembly, the Legislature, of this State, has done that because every case is different. The facts of every case are different and each offender is different. As you've heard people say many times, no two people are the same. So, this Court has identified a list of both aggravating and mitigating factors at this hearing and I will start with the aggravators first. The anhydrous ammonia tank was directly under the children's bedroom; the expense, harm and threat to the environment from meth manufacturing and its cleanup; there was a lab present in an open area available to teenage children; meth use as a detriment and scourge on society; one prior felony conviction [for conspiracy to commit robbery in 1988]; one prior misdemeanor conviction [for what Glass characterizes as "an A Misdemeanor OMVWI/Resisting Law Enforcement conviction from 1991[,]" Appellant's Br. at 3]; and no gainful employment. On the other side of the equation, the mitigating factors are that you admitted your crime without the necessity of a trial; you are a high school graduate; you have been cooperative with law enforcement; I believe that you're remorseful; and the hardship on your dependent child if you are incarcerated. In weighing the aggravating and mitigating factors, the Court finds the aggravators outweigh the mitigating factors, but not sufficiently to justify the fully aggravated sentence, but to justify a sentence in this case of fifteen years. My next decision of that is, how much of that is to be served and how much is to be suspended. In this particular case, the Court is going to suspend five of the fifteen and require you to serve ten years at the Indiana Department of Correction....

*Id.* at 56–58. Glass now appeals his sentence.

### Discussion and Decision

■■■ Trial courts are granted broad discretion in imposing sentences, including the consideration of aggravating and mitigating circumstances, and we will reverse a sentencing decision only for an abuse of that discretion. *Cherry v. State,* 772 N.E.2d 433, 436 (Ind.Ct.App.2002), *trans. denied.*

When enhancing a sentence, the trial court must set forth a statement of its reasons for selecting a particular punishment. Specifically, the court must (1) identify all significant aggravating and mitigating circumstances, (2) explain why each circumstance is considered aggravating and mitigating, and (3) show that it evaluated and balanced the circumstances.

*Id.* (citation omitted). "A trial court may enhance a presumptive sentence based upon the finding of only one valid aggravating circumstance." *Bradley v. State,* 765 N.E.2d 204, 209 (Ind.Ct.App.2002).

■■■ Glass contends that the trial court erred in failing to assign specific weight to each of the cited aggravating and mitigating circumstances and in failing

to explain why each circumstance was aggravating or mitigating. With respect to the former contention, we note that "although trial courts facilitate a more thorough review by delineating how much weight to give to a specific aggravating or mitigating circumstance, ... a trial court is not required to assign specific weight to each aggravator and mitigator." *Highbaugh v. State*, 773 N.E.2d 247, 253 (Ind. 2002). As for the latter, while it is true that the trial court did not offer a comprehensive explanation of its consideration of each circumstance, we find no reversible error because the aggravating or mitigating nature of each is apparent from the record. *See Ratliff v. State*, 741 N.E.2d 424, 432 (Ind.Ct.App.2000) ("[I]n reviewing the sufficiency of a sentencing statement, we are not limited to review of the written sentencing order, but may also look at the entire record."), *trans. denied* (2001).

Next, Glass contends that "[s]ince application of the presumptive sentence takes into account that which is necessary to commit the crime," the trial court abused its discretion in finding the "expense, harm, and threat" of methamphetamine manufacture and the "scourge" of methamphetamine use on society as aggravating circumstances. Appellant's Br. at 6 (citing *West v. State*, 755 N.E.2d 173, 178 (Ind.2001)).[4] We note that in *West*, however, our supreme court employed this language to explain why "a material element of the underlying offense may not serve as an aggravating circumstance to enhance a defendant's sentence." *West*, 755 N.E.2d at 185. The aggravating circumstances at issue are not material elements of the crime of dealing in methamphetamine, but instead are more akin to the nature and circumstances of the crime, which a trial court may properly consider as an aggravator. *Veal v. State*, 784 N.E.2d 490, 494 (Ind.2003). Here, Glass—an admitted methamphetamine addict—consented to and assisted in his drug supplier's construction of a methamphetamine lab in the trailer in which his girlfriend's children resided. Glass has failed to establish an abuse of discretion.

Glass also contends that the trial court should have given substantial weight to his guilty plea and cooperation with law enforcement as mitigating circumstances.[5] Finding the existence of mitigating circumstances is within the trial court's discretion. *Cherry*, 772 N.E.2d at 436. The trial court is not required to assign the same value to a mitigating circumstance as does the defendant. *See id.* More specifically, "trial courts are not obligated, in every situation, to consider a defendant's decision to plead guilty as a significant mitigating factor." *Kinkead v. State*, 791 N.E.2d 243, 247 (Ind.Ct.App. 2003), *trans. denied.* In his appellate brief, Glass notes that he had originally been charged with four counts: Class A felony dealing in methamphetamine, Class A felony manufacturing of methamphetamine, Class C felony possession of methamphetamine, and Class C misdemeanor operating a motor vehicle with a controlled substance in his body. Glass pleaded guilty to Class B felony dealing in methamphetamine as a lesser-included offense

---

4. The page in *West* to which Glass cites contains no mention of sentencing issues. We remind Glass that "[w]e will not, on review, search through the authorities cited by a party in order to try to find legal support for its position." *Cox v. State*, 774 N.E.2d 1025, 1028 n. 2 (Ind.Ct.App.2002).

5. In passing, Glass suggests that the trial court abused its discretion in failing to consider his "minor role" as a mitigating circumstance. Appellant's Br. at 7. As Glass has failed to support this suggestion with an argument, we decline to address it.

of the first count, and the State dismissed the remaining counts. As we concluded under similar circumstances in *Kinkead,* Glass "had already received some benefit from his guilty plea. Given the evidence against him, [Glass's] decision to plead guilty may have simply been a pragmatic decision." *Id.* at 247–48 (citation omitted). The same might be said of Glass's cooperation with the authorities. We find no abuse of discretion here.

In sum, we conclude that the trial court did not abuse its discretion in considering and balancing the aggravating and mitigating circumstances at sentencing. Indeed, Glass's criminal history is itself sufficient to support an enhanced sentence. *See Bradley,* 765 N.E.2d at 209. Accordingly, we affirm Glass's fifteen-year sentence.

Affirmed.

BAKER, J., and SHARPNACK, J., concur.