**Leon R. LEFFINGWELL,
Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 27A04–0402–CR–80.**

Court of Appeals of Indiana.

June 16, 2004.

Craig Persinger, Marion, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Leon R. Leffingwell ("Defendant") appeals from the trial court's order re-sentencing him for his conviction of child molesting, a Class C felony. Ind.Code § 35–42–4–3.

Some of the facts relevant to this appeal appear in a previous opinion of this court on this matter and are as follows:

> The record reveals that on April 15, 2002, C.K., [Defendant's] ten-year-old stepdaughter, told her teacher that [Defendant] had sexually abused her ... The State subsequently charged [Defendant] with six counts of Child Molesting, as Class C felonies. Following a jury trial, [Defendant] was convicted of one count of Child Molesting, as a Class C felony. After conducting a sentencing hearing, the court identified several aggravating and mitigating factors, and sentenced [Defendant] to eight years incarceration, the maximum allowable sentence for a Class C felony.

*Leffingwell v. State,* 793 N.E.2d 307, 309 (Ind.Ct.App.2003). The panel of this court determined that Defendant's conviction should be upheld, but that the matter should be remanded to the trial court for re-sentencing because the trial court relied

upon two improper aggravating circumstances in imposing Defendant's sentence. *Id.* at 311. On remand, the trial court re-sentenced Defendant to a term of eight years executed. Defendant appeals from this order of the trial court re-sentencing him.

Defendant alleges that the trial court erred by sentencing him to the maximum sentence for a Class C felony. He claims that the maximum sentence should be reserved for the worst offenders, and that he is not one of the worst offenders.

■ Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anderson v. State,* 798 N.E.2d 875, 879 (Ind.Ct.App.2003). It is within the trial court's discretion to determine whether a presumptive sentence will be enhanced due to aggravating factors. *Id.*

■ When enhancing a sentence, the trial court must set forth a statement of its reasons for selecting a particular punishment. *Glass v. State,* 801 N.E.2d 204, 207 (Ind.Ct.App.2004). Specifically, the court must identify all significant aggravating and mitigating circumstances, explain why each circumstance is considered aggravating and mitigating, and show that it evaluated and balanced the circumstances. *Id.* A trial court may enhance a presumptive sentence based upon the finding of only one valid aggravating circumstance. *Id.*

■ Our supreme court has stated that a trial court can facilitate a more thorough review by specifying how much weight was given to a specific aggravating or mitigating circumstance. *Highbaugh v. State,* 773 N.E.2d 247, 253 (Ind.2002). However, a trial court is not required to assign specific weight to each aggravator and mitigator. *Id.* Furthermore, a finding of the existence of a mitigating circumstance is within the trial court's discretion.

*Glass,* 801 N.E.2d at 208. The trial court is not required to assign the same value to a mitigating circumstance as does the defendant. *Id.*

■ In the present case, the trial court found that while Defendant did not have a prior serious criminal history, that fact was entitled to very little weight as a mitigator because Defendant previously was arrested for possession of marijuana and paraphernalia. The trial court also found that Defendant paid child support for an eleven-year-old daughter, supported a three-year-old daughter, and was a bread-winner holding two or three jobs to pay the family bills, was a mitigating circumstance entitled to moderate weight. The trial court found that Defendant's large support group of family and friends was a mitigating circumstance, but that it was entitled to little weight because of the secretive nature of Defendant's crime.

The trial court found that Defendant's violation of the conditions of his bond was a strong aggravating circumstance because it tended to show an increased risk that Defendant would commit another offense. The trial court found that Defendant's violation of the position of trust he held with the victim was an extremely strong aggravating circumstance. Last, the trial court found that the nature and circumstances of the crime, particularly the manipulation and grooming of Defendant's step-daughter, to be very strong aggravating circumstances.

The trial court then balanced the aggravating circumstances with the mitigating circumstances and concluded that any one of the aggravating circumstances alone outweighed the mitigating circumstances combined.

The trial court's sentencing statement is extremely detailed and sufficiently states

the reasons for the trial court's sentencing decision.

■ Defendant claims that the record in this case does not support the imposition of the maximum sentence allowable for the offense. He asserts that the trial court erred by imposing the maximum sentence.

A sentence authorized by statute will not be revised unless the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Groves v. State,* 787 N.E.2d 401, 409–410 (Ind.Ct. App.2003). In determining the appropriateness of a sentence in light of the "very worst offense and offender" argument, we must concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on the nature, extent, and depravity of the offense for which the defendant was sentenced, and what it reveals about the defendant's character. *Id.* at 410.

The evidence in this case established that the Defendant spoke with his ten-year-old step-daughter frankly about masturbation and oral sex, showed her where she should touch herself when masturbating, became aroused when his step-daughter sat on his lap, showed her his vasectomy scar, and gave her numerous full-body massages when she was naked. Defendant denied that there was anything inappropriate about touching his own children's genitals, provided it was done for "educational" purposes. Focusing on the nature, extent, and depravity of the offense, and what it reveals about the Defendant's own character, the trial court's decision to impose the maximum sentence was appropriate.

Affirmed.

ROBB, J., and BARNES, J., concur.