**Ryan McGINITY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 34A02–0404–CR–345.

Court of Appeals of Indiana.

April 4, 2005.

Transfer Denied June 21, 2005.

---

Teresa D. Harper, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Ryan McGinity appeals his eight-year sentence imposed pursuant to a plea of guilty to Operating While Intoxicated ("OWI") Resulting in Death and Reckless Homicide. Specifically, he asserts that his enhanced sentence violates the United States Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied*, because his Sixth Amendment right to have the facts supporting the enhancement of his sentence tried to a jury was violated. Because we find one valid aggravator that does not violate *Blakely* and two mitigators, we vacate his sentence and remand to the trial court for resentencing.

### Facts and Procedural History

Late one evening in January 2002, McGinity and a couple of friends visited a bar in Kokomo, Indiana. McGinity drove his friends to the bar in his Ford Mustang. While in the bar, he became extremely intoxicated and decided to go outside to his car to sleep and to sober up. He was asleep in the driver's seat of his vehicle, which was running and had the heater on because of the cold weather, when one of his friends climbed into the passenger seat, shook McGinity, and urgently informed McGinity that they needed to leave the premises immediately. McGinity looked up and saw some people around his car with Anthony Blankenberger standing directly in front of the car. McGinity,

intoxicated and groggy from being awakened, did not know why the people were surrounding his car and decided that he wanted to leave the scene. The car either lunged forward or quickly accelerated and struck Blankenberger. McGinity traveled approximately two hundred feet with Blankenberger on the Mustang's hood. McGinity abruptly hit the brakes, and Blankenberger fell off the car onto the pavement. McGinity left the scene at a high rate of speed. Blankenberger, who sustained severe injuries, was transported from the scene by ambulance and died approximately eleven days later.

A short time after fleeing the scene, McGinity was apprehended by the police, and he was arrested. McGinity was charged with Voluntary Manslaughter as a Class A felony,[1] which was later dismissed by the State, OWI Resulting in Death as a Class C felony,[2] and Reckless Homicide, a Class C felony.[3] McGinity pled guilty to OWI Resulting in Death and Reckless Homicide. He was sentenced to eight years on each count, the maximum sentence for a Class C felony,[4] to run concurrently,[5] and he now appeals his sentence.

### Discussion and Decision

McGinity relies on the United States Supreme Court's recent *Blakely* decision and argues that his Sixth Amendment right to have a jury determine the facts supporting the enhancement of his sentence was violated. We conclude that one aggravator found by the trial court is valid under *Blakely*, but because there are two

---

1. Ind.Code § 35-42-1-3(a).

2. Ind.Code § 9-30-5-5.

3. Ind.Code § 35-42-1-5.

4. Ind.Code § 35-50-2-6.

5. As to the why the sentences were not to be served consecutively, the trial court explained, "It's the law of this state that when these two specific crimes are committed resulting in the death of a single individual, sentences cannot be consecutive. The State would have me challenge this law, but this cannot be done by a trial court." Tr. p. 120.

valid mitigators, we remand to the trial court for resentencing.[6]

■ *Blakely* applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to a state sentencing scheme and found that it was unconstitutional. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536–38 (quoting *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348). The key to *Blakely* is whether the case involves "a sentence greater than what state law authorized on the basis of the verdict alone." *Id.* at 2538. The *Blakely* court observed that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537.

As an initial matter, we address the State's arguments, in a Brief submitted before our supreme court's decision in *Smylie v. State*, 823 N.E.2d 679 (Ind.2005), that *Blakely* does not apply to Indiana's sentencing scheme and that McGinity waived any argument under *Blakely* because he did not make an objection at the time of sentencing. *Smylie* decided both of these issues contrary to the State's position. *See* 823 N.E.2d at 683–84, 688.

At sentencing, the trial court found the following aggravating factors: (1) the imposition of a reduced or suspended sentence would depreciate the seriousness of the crime; (2) lack of remorse; and (3) the nature and circumstances of the crime. In addition, the judge found these factors as mitigators: (1) that McGinity has no known delinquent or criminal convictions,[7] and (2) McGinity's character and attitude. The court found that the aggravators outweigh the mitigators "by the great weight." Tr. p. 123. Also, the court observed that "the aggravating circumstances outweigh the mitigating ... because they do show an inclination that you haven't learned anything from this and it could happen again." *Id.*

■ As to the first aggravator, the trial court found "that the imposition of a reduced or totally suspended sentence would depreciate the seriousness of this offense." *Id.* at 122. This aggravating factor is used "to support a refusal to reduce the presumptive sentence." *Leffingwell v. State*, 793 N.E.2d 307, 310 (Ind.Ct.App.2003). In other words, as the trial judge specifically recognized here the so-called "depreciate the seriousness" aggravator is not an aggravator to go above the presumptive sentence. *See id.* Because this aggravator cannot justify a sentence above the "statutory maximum," i.e., the presumptive sentence, its use does not implicate *Blakely* concerns. *See Ruiz v. State*, 818 N.E.2d

6. In light of our disposition, we do not reach McGinity's second issue of whether his sentence was inappropriate under Indiana Appellate Rule 7(B).

7. The judge made it clear that he gave this mitigator "strong consideration," Tr. p. 121, but that the mitigator was "not as strong a mitigating factor as it would have been had I not had knowledge of your illegal behavior over an extended period of time in the past." *Id.* at 122. The judge was apparently referencing portions of the Pre–Sentence Investi-

gation Report in which "by [McGinity's] own admission," *Id.* at 121, he had experimented with alcohol for the first time at age 15; tried marijuana at the age of 18; and used marijuana "a 'couple' of times a month" until four years prior to the instant offense. Appellant's App. p. 61. At sentencing the judge explained, "I can't find that there's a lack of criminal *behavior*. I can find that there's a lack of a criminal *record*." Tr. p. 121 (emphasis added).

927, 928 (Ind.2004) (explaining· that ·with a presumptive sentence there is no *Blakely* issue). *But see Wickliff v. State,* 816 N.E.2d 1165, 1167 (Ind.Ct.App.2004) (explaining that the imposition of a reduced or suspended sentence would depreciate the seriousness of the crime was exempt from *Blakely* because it was based on admissions by the defendant taken from the defendant's testimony), *trans. denied.*

■ Regarding the second aggravator— lack of remorse—the trial judge made the following statement:

> And finally, I find as a third aggravating factor and ·prob [sic]—maybe at least today it feels like to me the most important and that is a lack of remorse. I believe you that you're remorseful that the victim died in this case. And I believe you that you feel for his family. I don't believe for one second that you accept any responsibility at least any major responsibility for that. And without that you cannot feel remorseful.

*Id.* at 122. Here, the judge's explanation as detailed above, especially his belief that McGinity accepted no responsibility and that there cannot be remorse without that acceptance, shows that the judge relied on testimony and evidence other than facts that were admitted by McGinity or found beyond a reasonable doubt by a jury. As

such, this aggravator violates the mandate of *Blakely* and is invalid.

■ Finally, the judge found the nature and circumstances of the crime to be an aggravator. To that end, the judge made these comments at the sentencing hearing:

> The nature and circumstances of the crime committed.... I can and·do consider your actions after the crime took place. The fact that you sped away without checking the condition of the victim. The fact that you didn't stop when the patrol car attempted to stop you. And the fact, also, that you've never approached anybody in [the victim's] family with the sentiments that you expressed here today.... I find as a[n] ... aggravating circumstance[ ] as I've described them, the actions that you undertook after you committed this crime.

*Id.* at 121–22.[8] McGinity admitted in his testimony at the sentencing hearing that he abruptly left the scene of the crime in his car without checking on the condition of the victim, *id.* at 31, and that he had not apologized or otherwise expressed feelings of sorrow or remorse to the victim's family. *Id.* at 34. From the record, it is apparent that McGinity also admitted to the fact that he did not initially stop when the police were trying to stop him after he

---

8. We observe that two of the facts listed by the judge are, in fact, separate crimes. *See* Ind.Code § 9–26–1–8(a) (explaining that it is a crime to fail to stop in a motor vehicle after causing injury to a person); Ind.Code § 35–44–3–3(a)(3) (explaining that fleeing from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop is a Class A misdemeanor). In this case, these facts, part of the defendant's course of conduct on the evening in question, were admitted by the defendant in the course of his guilty plea hearing. *Blakely* requires that the facts that support the aggravation of a sentence be ad- mitted by the defendant and here the facts that supported the aggravator of the nature and circumstances of the crime were admitted by McGinity, thus there is no *Blakely* violation. We also take note of the judge's comment about McGinity's failure to contact Blankenberger's family and apologize or express remorse. McGinity has a right under the Fifth Amendment to the United States Constitution to avoid incriminating himself, has a right to maintain his innocence, and is clothed with a presumption of innocence. *See, e.g., Mayberry v. State,* 605 N.E.2d 244, 250 (Ind.Ct.App.1992), *trans. denied.*

fled from the scene in that McGinity stipulated to the admission of and admitted to the facts as stated in the Probable Cause Affidavit as the factual basis for his guilty plea. The Probable Cause Affidavit explained that McGinity did not stop his vehicle when the first patrol car activated its lights and attempted to initiate a traffic stop; rather, McGinity's car did not stop until a second patrol car, assisting with the traffic stop, drove in front of McGinity's car. *See* Appellant's App. p. 15. As such, McGinity admitted to all the facts underlying the nature and circumstances aggravator. Under *Blakely* if a defendant admits to facts underlying an aggravator, the jury does not have to determine beyond a reasonable doubt whether that aggravator exists.

In the end there are two mitigators, namely, McGinity's lack of criminal history and his character and attitude, and one valid aggravator—the nature and circumstances of the crime. It is undoubtedly true that one aggravator is sufficient to justify a sentence enhancement. *Powell v. State,* 769 N.E.2d 1128, 1135 (Ind.2002), *reh'g denied.* However, in this case we cannot say with confidence that the single remaining aggravator would have led to the same result. *Day v. State,* 560 N.E.2d 641, 643 (Ind.1990). In other words, it is apparent to us that the impermissible factor, McGinity's lack of remorse, played an important role in the trial court's decision to enhance McGinity's sentence. *Id.* In such a situation, we can remand for resentencing by the trial court or correct the sentencing on appeal. In this case, we choose the former.

Reversed and remanded.

KIRSCH, C.J., and NAJAM, J., concur.