Barry T. OWENS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 12A04–1008–CR–522.

Court of Appeals of Indiana.

April 25, 2011.

Transfer Denied Aug. 18, 2011.

Cara Schaefer Wieneke, Special Ass't to the State Public Defender, Wieneke Law Office, LLC, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joby D. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Barry T. Owens appeals from his sentence, following a jury trial, for two counts of Class B felony dealing in cocaine and one count of Class D felony maintaining a common nuisance.

We affirm.

### ISSUES

1. Whether the trial court erred in imposing court costs without specifying in its sentencing order that Owens would not be imprisoned for nonpayment thereof.
2. Whether the trial court erred in imposing public defender reimbursement fees as a condition of Owens' probation.

### FACTS

In July of 2008, Owens sold cocaine to a confidential informant who was working

with Clinton County police. On July 10, 2008, the State charged him with the following offenses: Counts I and II, class B felony dealing in cocaine; and Count III, class D felony operating a vehicle as an habitual traffic violator; and Count IV, class D felony maintaining a common nuisance. At his initial hearing, the trial court found that Owens was indigent and appointed a public defender to represent him.

On November 24–25, 2008, Owens was tried to a jury, and was convicted of Counts I, II and IV. On June 24, 2009, the trial court imposed an aggregate sentence of fifteen years, with nine years ordered executed at the Department of Correction, two years executed on electronic monitoring, and four years suspended to probation. He was also ordered to pay $3,988.23 in pauper counsel fees and $164.00 in court costs. In assessing the fees and costs, the trial court did not specify in its sentencing order that Owens could not be imprisoned for nonpayment thereof.

On May 19, 2010, Owens filed a verified petition for permission to file a belated notice of appeal, which was denied. On July 29, 2010, he filed a motion requesting that the trial court reconsider his verified petition for permission to file a belated notice of appeal. The trial court granted Owens' motion and appointed a public defender to represent him on appeal. On August 26, 2010, Owens filed a belated notice of appeal.

### DECISION

Owens argues that the trial court erred in its assessment of fees and costs at his sentencing. ("[S]entencing decisions including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion." *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind.Ct.App. 2009)). Such decisions "are reviewed on appeal only for an abuse of discretion."

*Leffingwell v. State*, 810 N.E.2d 369, 371 (Ind.Ct.App.2004). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind.2007) (citations omitted).

#### 1. Court Costs

■ Owens argues that the trial court erred by failing to specify in its sentencing order, after finding him to be indigent, that he could not be imprisoned for nonpayment of court costs. He asks that we remand to the trial court with instructions to remedy said omission. We disagree.

Indiana Code section 35–37–2–3 provides that "when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." *See* Ind.Code § 35–38–1–18 ("whenever the court imposes a fine, it shall conduct a hearing to determine whether the convicted person is indigent").

Before 2002, our Supreme Court applied the general rule "that when fines or costs are imposed upon an indigent, the trial court must expressly state that the defendant shall not be imprisoned for failing to pay the fine." *Petty v. State*, 532 N.E.2d 610, 612 (Ind.1989), *overruled by Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind.2002). *See Fry v. State*, 447 N.E.2d 569 (Ind. 1983), *overruled by Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind.2002); *see also Whitehead v. State*, 511 N.E.2d 284 (Ind. 1987) (remanding to the trial court with instructions to insert the indicated language), *overruled by Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind.2002).

In 2002, the *Whedon* Court reiterated the general rule; however, it rejected the proposition "declaring that trial courts' sentencing orders must necessarily recite

an express prohibition upon imprisonment for failure to pay fines or costs." 765 N.E.2d at 1279. The Court noted that "[r]emanding to insist that this warning be included in every order sentencing an indigent defendant does not substantially serve defendants or the just and efficient administration of justice." *Id.* The *Whedon* Court further noted that "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise." *Id.*

In light of *Whedon,* which expressly overrules *Fry, Petty, Whitehead* and their progeny, Owens cannot prevail on his claim of error. *Id.* Accordingly, we find that the trial court did not abuse its sentencing discretion by omitting the prohibition against imprisonment for nonpayment of fines or costs from its sentencing order.

### 2. *Pauper Counsel Reimbursement*

■ Next, Owens argues that the trial court abused its discretion by "fail[ing] to inquire into [his] ability to pay all or even part of the cost of his representation" before ordering him to pay public. defender reimbursement fees. Owens' Br. at 5. He also argues that the court erred because its order that he pay $3,988.23 in public defender reimbursement fees far exceeded the prescribed statutory limit for an indigent defendant. *Id.* This issue is not ripe for appellate review.

Indiana Code section 35–33–7–6 provides, in relevant part, as follows:

(a) Prior to the completion of the initial hearing, the judicial officer shall determine whether a person who requests assigned counsel is indigent. If the person is found to be indigent, the judicial officer shall assign counsel to the person.

. . .

(c) If the court finds that the person is able to pay part of the cost of representation by the assigned counsel, the court shall order the person to pay the following:

(1) For a felony action, a fee of one hundred dollars ($100).

(2) For a misdemeanor action, a fee of fifty dollars ($50).

The clerk of the court shall deposit fees collected under this subsection in the county's supplemental public defender services fund. . . .

(d) The court may review the finding of indigency at any time during the proceedings.

I.C. § 35–33–7–6. Indiana Code section 33–37–2–3 provides, in relevant part, as follows:

(a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order the person to pay:

(1) the entire amount of the costs at the time sentence is pronounced;

(2) the entire amount of the costs at some later date; or

(3) specified parts of the costs at designated intervals.

(b) *A court may impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent. If the convicted person is not indigent, the court shall order the convicted person to pay the costs:*

(1) at the time the costs are due; or

(2) in a manner set forth in subsection (a)(2) through (a)(3).

. . .

. . .

(e) If, after a hearing under subsection (a) or (b), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person. The clerk shall deposit the amount paid by a convicted person under this subsection in the county's supplemental public defender services fund. . . .

I.C. § 33–37–2–3 (emphasis added).

In *Rich v. State*, 890 N.E.2d 44 (Ind.Ct. App.2008), *trans. denied,* the defendant argued that the trial court had abused its discretion in ordering him, as a condition of probation, to reimburse the Public Defender Fund in the amount of $200.00. In rejecting the defendant's claim, we opined,

> *[T]he trial court's order requires that Rich reimburse the Public Defender as a condition of probation, which will not begin until after he has completed the executed portion of his sentence. Therefore, under section 33–37–2–3(b), the trial court was not required to hold a hearing until Rich has completed the executed portion of his sentence. As Rich is not required to pay the public defender's fee at this time, holding a hearing to determine his current ability to pay was not required.* Cf. *Whedon v. State,* 765 N.E.2d 1276, 1279 (Ind.2002) (recognizing that "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise"). We conclude the trial court did not abuse its discretion in ordering Rich to reimburse the Public Defender.

*Rich,* 890 N.E.2d at 48 (emphasis added).

Similarly in *Kimbrough,* the defendant argued, *inter alia,* that the trial court's sentencing order was defective because the court had not conducted an indigency hearing regarding the payment of court costs and a $5,000.00 suspended fee. In finding no such abuse of discretion, we cited *Whedon* for the proposition that "a defendant's financial resources are more appropriately determined not at the time of initial sentencing but at the conclusion of incarceration, thus allowing consideration of whether the defendant may have accumulated assets through inheritance or otherwise." *Kimbrough,* 911 N.E.2d at 639 (citing *Whedon,* 765 N.E.2d at 1279).

Here, as in *Rich* and *Kimbrough,* the matter of Owens' indigency is not yet ripe for appellate review, because he has yet to complete his executed sentence. Thus, at the time of initial sentencing, the trial court was under no obligation to make a determination of Owens' ability to pay. Accordingly, we conclude that the trial court did not abuse its discretion when it failed to hold a hearing to determine Owens' ability to reimburse the Public Defender Fund at the time of his initial sentencing. *See Kimbrough,* 911 N.E.2d at 638 (no abuse of discretion from trial court's order that defendant reimburse Public Defender Fund or from court's failure to hold hearing to determine defendant's current ability to pay where defendant was not ordered to pay the public fee immediately and had not completed his executed sentence). We find no abuse of discretion.

Affirmed.

NAJAM, J., and BAILEY, J., concur.