**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 06 2014, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFERY A. FOSTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 14A01-1311-CR-522 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DAVIESS SUPERIOR COURT
The Honorable Dean A. Sobecki, Judge
Cause No. 14D01-1310-CM-1078

**August 6, 2014**

**MEMORANDUM DECISION-NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jeffery A. Foster appeals following his conviction for Class A misdemeanor battery resulting in bodily injury.[1] On appeal, Foster argues that the trial court abused its discretion when it ordered him to pay unspecified costs and fees without holding a hearing to determine his ability to pay.

We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

On October 3, 2013, the State charged Foster with Class A misdemeanor battery resulting in bodily injury following an argument at his residence. On October 30, 2013, the trial court found Foster guilty as charged. The trial court sentenced Foster to the Daviess County Security Center for one year. Foster was to execute ten months of that sentence and serve the remainder on probation. At sentencing, the trial court imposed costs and fees as follows:

> You will pay the sum of One Hundred and Sixty-Eight Dollars in court costs which will be due within one hundred and eighty days of your release from incarceration. There is a probation administrative fee of Fifty Dollars, an initial probation user fee of Forty Dollars, and a monthly probation user fee of Fifteen Dollars for each month that you are on supervised probation.

*Tr.* at 107. The trial court's written sentencing statement provided further that

> [t]he defendant be sentenced to the Daviess County Security Center for classification and confinement for a period of one year *and be required to pay the costs of this action within 180 days of his release*. The Court orders ten months of the sentence executed and two months suspended.

---

[1] *See* Ind. Code § 35-42-2-1(a)(1)(A).

2

*Appellant's App*. at 27 (emphasis added). The trial court did not hold a hearing to determine Foster's ability to pay court costs and fees. Foster now appeals.

## DISCUSSION AND DECISION

On appeal, Foster argues that the trial court abused its discretion at sentencing by failing to specify the nature of the court costs it imposed and by failing to conduct a hearing to inquire into Foster's ability to pay those costs or the other fees it imposed. "'[S]entencing decisions, including decisions to impose restitution, fines, costs, or fees, are generally left to the trial court's discretion.'" *Owens v. State*, 947 N.E.2d 482, 483 (Ind. Ct. App. 2011) (quoting *Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009)), *trans. denied*. Such decisions are "'reviewed on appeal only for an abuse of discretion.'" *Id*. (quoting *Leffingwell v. State*, 810 N.E.2d 369, 371 (Ind. Ct. App. 2004)). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id*. (quoting *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)).

Foster contends that the trial court erred when it failed to indicate "what costs are being imposed and the total amount of those costs."[2] *Appellant's Br*. at 5. A trial court is required by statute to impose some costs and fees, regardless of whether a person is indigent. Ind. Code § 33-37-4-1. A trial court must impose a "criminal costs fee" of $120 when a defendant is convicted of a misdemeanor. I.C. § 33-37-4-1(a). The statute also

---

[2] Foster's claim of lack of specificity by the trial court pertains only to the "costs of this action" and not the probation administrative fee, initial probation user fee, and monthly probation user fee also imposed by the trial court.

3

mandates the imposition of nineteen additional fees required by Indiana Code section 33-37-5. Because these fees are mandated by statute, they are imposed by operation of law, and no additional hearing is necessary to determine a defendant's ability to pay them. *See Berry v. State*, 950 N.E.2d 798, 802-03 (Ind. Ct. App. 2011).

In its oral sentencing statement, the trial court ordered Foster to pay $168 in court costs as a condition of his probation. *Tr.* at 107. These costs included the $120 criminal costs fee. The trial court failed to enumerate the statutory sources it relied upon to impose fees above the criminal costs fee, and we remand with instructions to set out the statutory basis for the additional fees. *Berry*, 950 N.E.2d at 803 (remanding so that trial court could identify statutory sources that supported imposition of $364 in court costs).

Foster also argues that the trial court abused its discretion when it failed to hold an indigency hearing before imposing costs and fees. However, as set out by the State in its brief, the Indiana Code specifically provides that "[i]f the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent." Ind. Code § 33-37-2-3(b). Here, the trial court suspended the due date for the costs and fees it imposed, requiring them to be paid "within 180 days of [Foster's] release." *Appellant's App.* at 27. Therefore, the trial court did not abuse its discretion when it imposed costs and fees in this matter because it was not required to hold an indigency hearing until Foster is released from jail to probation. *See Bex v. State*, 952 N.E.2d 347, 356 (Ind. Ct. App. 2011)(upholding trial court's imposition of costs and fees absent indigency hearing where trial court postponed payment until after Bex served executed portion of her sentence), *trans. denied*. When the trial court holds the

4

hearing to assess Foster's ability to pay the other fees it imposed, it must also provide the statutory basis for the imposition of the additional court costs above $120.

Affirmed and remanded.

MAY, J., and BAILEY, J., concur.